# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| HANS JOACHIM KEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-3417-CV-S-RED |
| | ) | |
| GLENN TRIVELINE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Defendant Glenn Triveline's Motion to Dismiss (Doc. 26), and Plaintiff Hans Joachim Keil's Motion to Amend the Pleadings (Doc. 52). After careful consideration and for the following reasons, the Court **GRANTS** Triveline's Motion to Dismiss (Doc. 26) and **DENIES** Keil's Motion to Amend (Doc. 52). All claims against Triveline are hereby dismissed with prejudice.

## BACKGROUND

This case arises out of the arrest of Plaintiff Hans Joachim Keil. After investigation, federal agents believed Keil was an alien illegally in the United States. The pending motions pertain to Defendant Glenn Triveline. Keil alleges Triveline violated his rights under the Fourth and Fifth Amendments of the U.S. Constitution.

Triveline is a Field Office Director ("FOD") for the Office of Detention and Removal Operations ("DRO") of U.S. Immigration and Customs Enforcement ("ICE"). Triveline oversees DRO activities in several states including Missouri. Triveline resides in Illinois and has never lived in Missouri. He did not become aware of the investigation into Keil's citizenship or Keil's arrest until after the fact.

Within ICE there are four distinct divisions: the DRO; the Office of Investigations ("OI"); the Office of Intelligence ("Intel"); and the Office of International Affairs ("OIA"). Three of the four agents present during and responsible for Keil's arrest were affiliated with the OI. The fourth agent was a part of the Diplomatic Security Service ("DSS"), which is separate from ICE.

## ANALYSIS

Triveline argues that Keil's original complaint and proposed amended complaint fail to state a claim against him under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Triveline also argues he should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.

**1.  KEIL'S ORIGINAL AND PROPOSED AMENDED COMPLAINTS FAIL TO STATE A CLAIM AGAINST TRIVELINE**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a motion to dismiss, courts separate legal conclusions from facts, and taking the facts as true, decide whether there is a factual basis for the asserted claims. *Id*. at 1949-50.

In actions brought pursuant to 42 U.S.C. § 1983, factual allegations must be specific to each individual defendant in part because "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id*. at 1948. " 'Liability under [§] 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability . . . [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.' " *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). The United States Court of Appeals for the Tenth Circuit has explained that

in § 1983 actions, where plaintiffs most often assert claims against several defendants, the complaint must "make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). The purpose is "to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id*. In applying these principles, the Tenth Circuit found allegations against "Defendants" collectively were insufficient, especially considering each defendant held a different position, meaning each was likely to have individual participation in the alleged constitutional violation. *Id*.

Applying *Robbins* and the principles discussed above to this case, the Court will only consider those allegations which refer to Triveline personally in determining whether Keil's claims against Triveline should be dismissed. This is especially appropriate with regard to Triveline, as he held a different position than the other defendants. Triveline was a FOD for the DRO, whereas all other defendants were either affiliated with the OI or the DSS.

### A. The original complaint

The only allegation specific to Triveline in Keil's original complaint stated he was the acting FOD of ICE for the Kansas City District Office. This bare allegation is in no way sufficient to state a claim against Triveline. For example, it does not show that Triveline violated one of Keil's constitutional rights nor does it show that Triveline caused injury to Keil. Therefore, the original complaint fails to state a claim against Triveline.

### B. The proposed amended complaint

The proposed amended complaint adds two allegations that pertain to Triveline. It states "Triveline had a specific duty to notify DRO headquarters when a person claiming to be a U.S.

3

Citizen was detained," and that, "Upon issuance of the detainer Triveline learned of [Keil's] detention. Triveline did not contact [DRO] headquarters as was required of him as a DRO FOD and thus, exacerbated [Keil's] unconstitutional detention."

Triveline asserts this Court should deny Keil's motion to amend because the proposed amended complaint could not withstand a motion to dismiss based on qualified immunity. A court properly denies leave to amend if the proposed amendment would be futile. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). The threshold qualified immunity inquiry is whether the complaint shows the official violated a constitutional right. *Clemmons*, 477 F.3d at 965.

Triveline argues granting leave to amend would be futile for three separate reasons. Because the Court finds Triveline's second basis persuasive, the Court does not reach the other reasons. Triveline argues the proposed amended complaint fails to state a claim because his alleged conduct is neither reckless nor intentional. "In general, supervisors . . . are liable under § 1983 for a subordinate's violation of a third person's constitutional right" if they were deliberately indifferent to the offensive conduct and did not take proper remedial action. *Cox v. Sugg*, 484 F.3d 1062, 1066 (8th Cir. 2007). Allegations of negligence or gross negligence do not give rise to a § 1983 claim based on a constitutional violation. *Amrine v. Brooks*, 522 F.3d 823, 833-34 (8th Cir. 2008). Rather, the alleged conduct must be reckless or intentional. *Id*. Triveline's alleged conduct amounts to nothing more than mere negligence. Keil alleges Triveline failed to follow an internal ICE memorandum that instructed Triveline to report to DRO headquarters after receiving notice that a person claiming to be a United States citizen was in custody. The mere failure to report to headquarters does not rise to the level of reckless or intentional conduct, especially considering the agents who arrested Keil were not Triveline's subordinates. Therefore, granting leave to amend

4

would be futile, as the proposed amended complaint fails to state a claim against Triveline.

**2.    THIS COURT LACKS JURISDICTION OVER TRIVELINE**

When a defendant challenges personal jurisdiction, the plaintiff has the burden to show jurisdiction exists. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff 'must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state.' " *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (citation omitted). The plaintiff must make a prima facie showing of jurisdiction, which "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id.*

"A federal court . . . may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Id.* at 1073. Since the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the Due Process Clause, courts analyzing personal jurisdiction turn immediately to whether asserting personal jurisdiction would violate the Due Process Clause. *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004). To satisfy the Due Process Clause, a plaintiff must demonstrate sufficient "minimum contacts" between the non-resident defendant and the forum state. *Dever*, 380 F.3d at 1073. "Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there, and when maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007). In assessing "reasonabl[e] anticipat[ion]," there must be "some act by which the defendant purposefully avails itself of the

privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.*

The Eighth Circuit has instructed courts to consider the following factors when measuring minimum contacts: "(1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties."[1] *Dever*, 380 F.3d at 1073-74. The first three factors command significant weight. *Id.* at 1074.

After considering the relevant factors, the facts do not support asserting personal jurisdiction over Triveline. Triveline is not a Missouri resident. While Triveline oversaw DRO activities in Missouri, the agents responsible for Keil's arrest were not DRO agents and did not report to him. In short, Triveline could have potentially anticipated being haled into court for the actions of agents he directly oversaw. However, he could not reasonably anticipate being sued in Missouri for the actions of OI agents, especially considering he did not know of Keil's arrest or the OI's investigation until after they had been completed. Therefore, this Court does not have specific jurisdiction over Triveline.

Despite Keil's contentions, Triveline's contacts with Missouri are not sufficiently systematic and continuous to allow this Court to assert general jurisdiction over him. While he was responsible for DRO activities in Missouri, Missouri was only one of the several states he oversaw. He had only

---

[1] With respect to the third factor, courts are to distinguish between general and specific jurisdiction. Specific jurisdiction "refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state," while general jurisdiction "refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Coen*, 509 F.3d at 905. To establish general jurisdiction, the defendant must have "continuous and systematic" contacts with the forum state. *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008).

been to Missouri a few times in conjunction with his position as a DRO FOD. These contacts are not continuous and systematic. Therefore, dismissing Triveline under Rule 12(b)(2) is proper.

## CONCLUSION

The Court grants Triveline's motion to dismiss because the original complaint fails to state a claim and asserting jurisdiction over him would offend traditional notions of fair play and substantial justice. The Court denies Keil's motion for leave to amend because the proposed amended complaint only alleges negligent conduct by Triveline, which is insufficient to state a § 1983 claim.

**IT IS SO ORDERED**.

DATED: September 15, 2010        */s/ Richard E. Dorr*
                                 RICHARD E. DORR, JUDGE
                                 UNITED STATES DISTRICT COURT